IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. DAVID ANDROS,<br><br>     *Plaintiff,*<br><br>v.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>     *Defendant.* | Civil Action No. 2:23-cv-1908<br><br>Hon. William S. Stickman IV |

**MEMORANDUM OPINION**

WILLIAM S. STICKMAN IV, United States District Judge

### I. INTRODUCTION

This dispute stems from Defendant Auto-Owners Insurance Company's ("Auto-Owners") alleged failure to fulfill its obligations under Plaintiff Dr. David Andros's ("Andros") automobile insurance policy (the "Policy") and bad faith actions in resolving the claim for benefits. (ECF No. 1-3, pp. 3–8). Andros's complaint asserts two claims against Auto-Owners, breach of contract (Count I) and bad faith (Count II). (*Id.* at 6–7). Auto-Owners moves to dismiss Count II under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim (the "Motion"). (ECF No. 3). According to Auto-Owners, its conduct in attempting to settle Andros's underinsured motorist claim does not amount to bad faith under Pennsylvania law. (ECF No. 4, pp. 8–9). For the following reasons, the Court will grant the Motion.

### II. FACTUAL BACKGROUND

On October 2, 2021, a vehicle struck Andros as he crossed the street in Lancaster, Pennsylvania. Even though the traffic signal indicated "walk," the driver of the vehicle failed to

1

yield the right of way to the pedestrian and hit Andros. (*Id.* at 3). Andros settled with the driver of the vehicle under the Policy's limits on March 9, 2022. (*Id.* at 6).

At the time of the accident, the driver was insured with bodily injury limits of $15,000.00 per person. (*Id.* at 5). The Policy provided Andros with underinsured motorist benefits ("UIM") not to exceed $500,000.00 per person. (*Id.*). On July 13, 2023, Andros's counsel informed Auto-Owners of Andros's intent to pursue a claim for UIM benefits under the Policy ("UIM Claim") and provided supplemental documentation, including medical records, an economic loss report, and a written demand for the limits of the UIM coverage. (*Id.* at 5–6). Auto-Owners responded to Andros on October 10, 2023, with a "de minimis offer" to resolve the UIM Claim. (*Id.* at 6).

### III.   STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009); *see also DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 262–63 (3d Cir. 2008). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must

be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. (*Id.*).

### IV.   ANALYSIS

Andros alleges that Auto-Owners acted in bad faith as defined under 42 PA. CONS. STAT. ANN. § 8371 through its handling of his UIM Claim. (ECF No. 1-3, p. 7). That statute does not define the term "bad faith." 18 PA. CONS. STAT. § 8371. Pennsylvania courts, therefore, look to case law or rules of statutory construction to ascertain the meaning of "bad faith." *Romano v. Nationwide Mut. Fire Ins.*, 646 A.2d 1228, 1232 (Pa. Super. 1994). To state a claim for bad faith under Pennsylvania law, a plaintiff, by clear and convincing evidence, must demonstrate "two elements: (1) that the insurer had no reasonable basis for denying benefits under the policy and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis in denying the claim." *Berg v. Nationwide Mut. Ins.*, 235 A.3d 1223, 1232 (Pa. 2020) (citing *Rancosky v. Wash. Nat'l Ins.*, 170 A.3d 364, 377 (Pa. 2017) (holding that "proof of the insurer's subjective motive of self-interest or ill-will, while perhaps probative of the second prong of the above test, is not a necessary prerequisite to succeeding in a bad faith claim") (internal quotation marks omitted)). "[B]ad faith is not present merely because an insurer makes a low but reasonable estimate of an insured's damages." *Johnson v. Progressive, Ins.*, 987 A.2d 781, 784 (Pa. Super. 2009) (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006)).

Auto-Owners avers that Andros's complaint is "woefully lacking" by failing to state "more than bare legal conclusions." (ECF No. 4, p. 6–7). According to Auto-Owners, the complaint's only factual allegation is that Auto-Owners responded to Andros's UIM Claim submission with a de minimis offer. (*Id.* at 7). Auto-Owners argues that this lone allegation is insufficient to state a bad faith claim. (*Id.*). Andros "concedes that it is not enough to prove bad faith to merely show that [d]efendant made a low offer." (ECF No. 8-1, p. 5). Still, Andros contests that Auto-Owners's offer was not a reasonable estimate of his damages. (*Id.*). Ultimately, the Court sides with Auto-Owners, finding that Andros does not state a plausible bad faith claim based on Auto-Owners's offer alone, and that his remaining allegations are not supported by facts.

Facially, Andros's complaint fails to present sufficient allegations of bad faith. Count II consists of broad and conclusory statements unsupported by facts. (ECF No. 1-3, pp. 7–8). For example, the complaint alleges that Auto-Owners "fail[ed] to objectively and fairly evaluate [Andros]'s claim" and "[a]ct[ed] unreasonable and unfair[] in response to [Andros]'s claim." (*Id.* at 7). Nothing in the complaint mentions how Auto-Owners evaluated the UIM Claim, let alone explains why it was not objective, fair, or reasonable. (*Id.* at 3–8).

Additionally, the complaint describes Auto-Owners's counteroffer as "de minimis," without providing any further details, such as how much Auto-Owners offered Andros. (*Id.* at 6). The mere fact that Auto-Owners proffered a low, or "de minimis," amount in return does not make Andros's bad faith claim more plausible. Pennsylvania courts permit an insurer to make a low offer as long as it makes a "reasonable estimate of the insured's losses." *Condio*, 899 A.2d at 1143. Simply declaring Auto-Owners's counteroffer "de minimis" is not enough. The allegation must be supported by at least enough facts to plausibly connect the low offer to an unreasonable estimate of Andros's losses.

Finally, the Court acknowledges that a dispute certainly exists over the amount of benefits Andros is entitled to under the Policy. But Auto-Owners's reluctance to acquiesce in Andros's self-proclaimed "demand" and submission of an initial counteroffer does not alone amount to bad faith under Pennsylvania law. As stated by the Superior Court of Pennsylvania, insurers and insureds "routinely" dispute the value of an UIM claim when it's first processed. *Johnson*, 987 A.2d at 785. A floodgate of litigation would ensue if Pennsylvania courts permitted these types of actions to proceed as bad faith claims. (*Id.*).

Accordingly, Andros has failed to allege a legally sufficient cause of action for bad faith. Andros has requested leave to amend "to cure any alleged deficiencies" as to Count II. (ECF No. 10, p. 7). The Court will afford him the opportunity to amend the complaint only as to Count II.

## V.  CONCLUSION

For these reasons, the Court will grant the Motion as to Count II. Plaintiff will be given leave to amend the complaint as to Count II. An order of Court will follow.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

2/6/2024
Dated